IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

TEVIN MITCHELL, TYVONNE
WILEY, and TOREY STARLING,

Defendants.

CRIMINAL ACTION NO.
1:17-CR-122-LMM-LTW

## **ORDER**

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [145], recommending that (1) Defendant Torey Starling's Motion to Dismiss Counts 1 and 2 of the Indictment be denied; (2) Starling's Motion to Sever Parties be deferred to this Court[1]; (3) Defendant Tyvonne Wiley's Motion to Dismiss, or in the Alternative, Motion to Sever be denied as to the Motion to Dismiss but deferred to this Court as to the alternative Motion to Sever[2]; (4) Wiley's Motion to Suppress Statements be deferred to this Court; (5) Wiley's Motion to Suppress be denied; (6) Defendant Tevin Mitchell's Motion for Bill of Particulars be granted in part and denied in part; (7) Tevin Mitchell's Motion to Suppress Search and Seizure be granted; (8) Tevin Mitchell's

---

[1] Starling's Motion to Sever will be addressed in a subsequent order.

[2] Wiley's Motion to Sever and Motion to Suppress Statements will likewise be addressed in a subsequent order.

Motion to Suppress Statements be granted; and, (9) Starling's Motion to Dismiss Counts 7 and 9 of the Superseding Indictment be denied.

Both Starling and Wiley timely filed Objections [147, 151]. After due consideration, the Court enters the following Order.

## I. LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; Fed. R. Crim. P. 59(b)(3). As Defendants filed objections, the Court reviews the Magistrate Judge's challenged recommendations on a *de novo* basis. 28 U.S.C. § 636(b)(1). The Court will consider each Defendant's objections in turn.

## II. DISCUSSION

### A. Defendant Starling's Objections

Starling objects to the Magistrate Judge's recommendation with respect to his motion to dismiss Counts 7 and 9 of the Superseding Indictment. See Dkt. No. [147] ¶ 14. Counts 7 and 9 of the Superseding Indictment charge Starling under 18 U.S.C. § 924(c) with brandishing a firearm during and in relation to a crime of violence—specifically, armed robbery. Dkt. No. [69] ¶¶ 7, 9. Starling argues that both Counts 7 and 9 should be stricken or dismissed because the Supreme Court recently declared 18 U.S.C. § 924(c)(3)(B)—commonly referred to as the residual

clause—unconstitutionally vague. Dkt. No. [147] ¶ 6; United States v. Davis, 588 U.S. __ (2019).

However, Starling's objection is without merit because the Eleventh Circuit has already concluded that Hobbs Act robbery "is a crime of violence under § 924(c)'s elements clause"—that is, § 924(c)(3)(A). United States v. Nelson, 761 F. App'x 917, 919 (11th Cir. 2019). Indeed, in Nelson, the Eleventh Circuit explicitly stated that the constitutionality of § 924(c)'s residual clause does not effect Hobbs Act robbery convictions because such convictions qualify as crimes of violence under § 924(c)'s elements clause. Id. at 919 n.1. Because Starling's objection to his § 924(c) charges is foreclosed by the law of this circuit, it is **OVERRULED.**

### B. **Defendant Wiley's Objections**

Wiley argues that: (1) the Magistrate Judge erred in finding that the affidavit Detective Grubbs offered in support of the Dallas County arrest warrant established probable cause; and, (2) the Magistrate Judge erred in refusing to suppress the November 1, 2016 search warrant that permitted officers to photograph Wiley's tattoos. Dkt. No. [151] at 2, 5.

With respect to the Dallas County arrest warrant, the Court agrees with the Magistrate Judge's conclusion that the search warrant affidavit adequately supplied probable cause. See Dkt. No. [145] at 82-89. Probable cause for an arrest exists when law enforcement officials have "facts and circumstances" within their knowledge sufficient to warrant a reasonable belief that a suspect had committed

3

or was committing a crime. Paez v. Mulvey, 915 F.3d 1276, 1285 (11th Cir. 2019). "Probable cause is not a high bar" and does not require "convincing proof that an offense was committed." Id. at 1286.

Wiley argues that the Magistrate Judge erred in finding probable cause for the Dallas County arrest warrant for three reasons. First, Wiley contends that Defendant Grubbs' failure to indicate in his affidavit that he could not identify Wiley from the GameStop security video was a material omission. Dkt. No. [151] at 3. Detective Grubbs, however, explained that he could identify Wiley from the video based on the type of pants he was wearing (black with zippers), his height, and his weight. See id. at 88. Thus, under the circumstances, the fact that Detective Grubbs could not see Wiley's face on the video was not a material omission. See, e.g., Ovington v. Atlanta Inv. Grp., Inc., 651 F. App'x 951, 954 (11th Cir. 2016) (noting that while a photo did not show the face of the robber, it included specific details that could support an identification such as a tattoo, shoes, hat, clothing, posture, and the width of the suspect's shoulders).

Second, Wiley avers that he was never seen and had never been in the Ford Fiesta, nor were there any items in the Ford Fiesta ever tied to him. Dkt. No. [151] at 3. But this argument belies the Magistrate Judge's findings that Wiley was found in the parking garage where the Ford Fiesta had been parked shortly after the robbery took place with Defendant Mitchell, to whom the car was registered. See Dkt. No. [145] at 5, 85; cf. United States v. Gonzalez, 70 F.3d 1236, 1238 (11th Cir. 1995) (explaining that proximity to a person "whom officers have probable

4

cause to believe is committing a crime" may be considered by the court as a factor). Additionally, the police discovered a rifle with a light-colored pillow case inside the Ford Fiesta; this discovery was consistent with the testimony of witnesses who had described the robber suspected to be Wiley as carrying a long rifle concealed in a light-colored pillow case. See id. at 85-86. The police officer also observed Wiley wearing black zipper pants like the robber had worn. See id. at 86. Thus, the Magistrate Judge correctly concluded that there were sufficient facts to connect Wiley to the Ford Fiesta.

Third, Wiley argues that the Magistrate Judge incorrectly deemed immaterial the omission by Detective Grubbs in his affidavit that the woman with Mitchell and Wiley who was carrying a large amount of cash told the officers that she had received that money from her work as a dancer. See Dkt. No. [151] at 4. But as the Magistrate Judge explained, in light of the other evidence regarding Wiley and Mitchell's likely connection to the robbery, Detective Grubbs "was free to disbelieve his female companion's explanation that she had a large amount of cash because she was a dancer." Id. at 89. Moreover, the Magistrate Judge went on to state that "[e]ven without the evidence that the female companion processed a large amount of cash . . . the remaining evidence is sufficient to establish probable cause." Id. The Court agrees. Accordingly, Wiley's argument is unavailing in this regard.

The Court now turns to Wiley's objections to the Magistrate Judge's denial of the Motion to Suppress the November 1, 2016 search warrant that permitted

officers to photograph his tattoos. See Dkt. No. [151] at 5. Wiley contends that the statement in Detective Raissi's affidavit improperly implied that Dallas police officers identified Wiley when, in fact, they could not see his face in the surveillance video. See id. As set forth above, the fact that the officers could not see Wiley's face in the video does not negate other ways he was recognized from the video.

Wiley also argues that the R&R does not recognize that the Magistrate Judge in Cobb County was "unconvinced" when he asked Detective Raissi whether there was sufficient information to establish probable causing linking Wiley to the robberies in the metro Atlanta area. See id. at 6. The Court finds this objection specious—not only did the Magistrate Judge in Cobb County ultimately find probable cause sufficient to issue the warrant but, as detailed in the R&R, Detective Raissi also described common threads between each of the Atlanta robberies and connected Wiley to those robberies based on ten different pieces of information. See Dkt. No. [145] at 95-96. Thus, contrary to Wiley's belief, Detective Raissi did not merely provide wholly conclusory statements in requesting the warrant. Wiley's objections to the R&R are therefore **OVERRULED.**

### III. CONCLUSION

In light of the foregoing, the Magistrate Judge's R&R [145] is **ADOPTED** as the Order of this Court and Defendants' Objections [147, 151] are **OVERRULED**.

6

The trial in this action is hereby set to begin on **Monday, September 23, 2019 at 9:30 A.M.** in Courtroom 2107. The pretrial conference and <u>Jackson-Denno</u> hearing will be held on Monday, September 16, 2019 at 9:30 A.M. in Courtroom 2107. By noon on Wednesday, September 4, 2019, the parties are to file the following: motions *in limine* and proposed *voir dire* questions. By noon on Wednesday, September 4, 2019, the Government must file a brief summary of the indictment that the parties can rely on for *voir dire*. By noon on Wednesday, September 11 2019, the parties are to file responses to motions *in limine* and any objections and to those items listed above.

Excludable time is allowed through September 23, 2019, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this 16m day of August, 2019.

Leigh Martin May
**United States District Judge**

7